## HOCHSTADTER BROS. v. JOSEPH M. SAM.

### No. 3083.

1. **Construction of Contract.** — In a contract by Hochstadter Bros. with Sam, employing the latter as their drummer, was the following clause: "Hochstadter Bros. consent that said Sam may employ one Abe C. Loovis as an assistant traveling salesman, and the said Sam, for and in consideration of the commissions to be paid him by Hochstadter Bros., agrees to pay all the expenses of said Loovis. The said Sam also agrees that he will devote his entire time, and that of his assistant, to selling the goods of Hochstadter Bros., and in furthering their interests, and to follow out their instructions strictly and exclusively; Hochstadter Bros. allowing said Sam and his assistant to carry at the same time samples of boots and shoes for other parties, and to solicit and effect sales of them." After some months service Loovis quit the employment and Hochstadter Bros. on that account discharged Sam. In suit by Sam for damages for breach of the contract, *held*, that by the paragraph above set out Sam had contracted for the services of Loovis, and that his contract was broken when Loovis left the service.

2. **Fact Case.**—See facts showing that parties to a contract acted thereon as if its apparent meaning was that understood by them when making it.

APPEAL from Harris.    Tried below before Hon. JAMES MASTERSON. The opinion states the case.

*Jones & Garnett*, for appellants, cited Mead v. Randolph, 8 Texas, 196; Stampers v. Johnson, 3 Texas, 1; James v. Fulcrod, 5 Texas, 512; Carter v. Carter, 5 Texas, 93; Leakey v. Gunter, 25 Texas, 403; Mc-

Clenny v. Floyd, 10 Texas, 159; Gibbs v. Penny, 43 Texas, 560; 1 Greenl. on Ev., sec. 288.

*W. P. Hamblen,* for appellee.—There is nothing in the contract requiring appellee to keep Loovis in his employ, and the charge of the court is correct on this point. [See opinion.] The contract itself must be looked to in ascertaining the rights of the parties, and the motives or reasons for making the same are not relative to any issue in the case. It could not be changed by parol evidence. Wooters v. Railway, 54 Texas, 294; Bruner Bros. v. Strong, 61 Texas, 555; Menard v. Sydnor, 29 Texas, 262; Epperson v. Young, 8 Texas, 135; Hunt v. White, 24 Texas, 643; Self v. King, 28 Texas, 553, 554; Lockwood v. Frary, 55 Texas, 145; Hearne v. Gillett, 62 Texas, 23; Ryan & Co. v. Railway, 65 Texas, 13; Taylor v. Merrill, 64 Texas, 494; Belcher v. Mulhall & Scaling, 57 Texas, 17; Haldeman v. Chambers, 19 Texas, 48.

STAYTON, CHIEF JUSTICE.—Appellants, merchants residing in the city of New York, made an agreement with appellee, resident in this State, whereby the latter was to serve them as traveling salesman for the period of one year, and for services to be rendered he was to receive a stipulated commission on sales. Appellee entered upon the work with one Abe C. Loovis as his assistant, but before the expiration of the year Loovis refused to longer serve him, and therefore appellants refused to longer employ appellee, claiming that the agreement was that appellee would keep in his service Loovis, and that in fact the contract was made for the benefit of Loovis, and therefore this action was brought by appellee to recover damages for the breach of contract. The contract was made an exhibit to the petition, and the sixth paragraph of it was as follows:

"6. Hochstadter Bros. consent that the said Sam may employ one Abe C. Loovis as an assistant traveling salesman, and the said Sam for and in consideration of the commissions to be paid him by Hochstadter Bros. agrees to pay all expenses of said Loovis. The said Sam also agrees that he will devote his entire time and that of his assistant to selling the goods of Hochstadter Bros. and in furthering their interests, and to follow out their instructions strictly and exclusively, Hochstader Bros. allowing said Sam and his assistant to carry at the same time samples of boots and shoes for other parties, and to solicit and effect sales of them."

In construing that part of the contract the court charged as follows: "As a man binds himself by his contract, so is he to be bound. Under the written contract in evidence Sam did not obligate himself to employ Loovis, and his doing so, or doing so at first and afterward not doing so, for any reason, was optional with Sam alone, and his not doing so

furnishes no justification to Hochstadter Bros. for breaking their contract, if they have done so."

On the proper construction of this part of the contract the rights of the parties depend.

Looking to the nature of the employment, the consent of appellants was necessary before appellee would have been authorized to employ an "assistant traveling salesman" in the conduct of appellants' business confided to him; and it was doubtless in view of that fact that the power was expressly given to employ Loovis, and if the first paragraph of that part of the contract quoted stood alone, we would feel constrained to hold that it was merely permissive; but the inquiry arises, whether other paragraphs do not show that it was intended by the parties to make it obligatory on appellee to employ Loovis as an assistant.

In the second paragraph appellee binds himself absolutely not only to devote his entire time to selling the goods of appellants and in furthering their interests, but also to devote the entire time of his assistant to the same purpose; and as he had no power to have an assistant in the business other than the one appellants had consented he might have, the conclusion is irresistible that he undertook to employ Loovis as an assistant, and that his entire time as well as his own should be directed to appellants' business. This intention is further manifested by the last part of the first paragraph, wherein "Sam, for and in consideration of the commissions to be paid by Hochstadter Bros., agrees to pay all expenses of said Loovis;" by which we understand appellee, for a consideration, to agree to pay the wages of Loovis as well as the expenses incurred by him while engaged in the business, and it would be difficult to give a reason why this obligation to pay should be assumed if there was no obligation to employ.

The last paragraph still further illustrates the intention of the parties. After having agreed to devote the entire time of himself and assistant to the business of appellants, appellee and his assistant could not legally pursue any other business while the employment continued, and recognizing that fact, as well as the further fact that this obligation reached to the assistant as well as to appellee, an express permission was obtained for not only himself but also for his assistant to transact while in the employment of appellants a named business for other persons. Why obtain this consent for the assistant if under the contract appellants were not understood and intended to be entitled to the services of the assistant as fully as to the services of appellee? To place the construction on the contract that appellee claims, we would have to incorporate words into the contract which the parties did not place there, and thus make conditional that which the words used make unconditional. Appellee would have the contract construed as though it read thus: "The said Sam also agrees that he will devote his entire time and that of his assistant (if he employs one) to selling the

goods of Hochstadter Bros. and in furthering their interests," etc. But we know of no rule of construction which would sanction this interpretation in the face of the positive agreement made by the words used.

Looking to the face of the contract alone, a majority of this court are of opinion that its construction as given in the charge of the court was erroneous, and that it required the services of Loovis as well as appellee; and a failure on his part to retain this assistant's services, if without fault of appellants, was a breach of the contract that authorized them to annul it. The acts of the parties under the contract go far to strengthen this view. The contract took effect early in December, 1885, and from that time until sometime in May following appellee did employ Loovis in the business of appellants, and so far as the record shows, did not contemplate discontinuance of his services at any period short of the termination of the contract, until Loovis refused longer to remain in his service. Loovis was an experienced salesman, well acquainted with the country in which sales were to be made and with appellants' customers in that territory, while appellee had but little experience as a traveling salesman, all of which is testified to by appellee; and is further evidenced by the fact that sales made while the contract was observed, aggregating more than $30,000, were made by Loovis, who, under the contract between himself and appellee, was to receive three-fifths of the sum appellee was to receive from appellants.

On account of the erroneous charge given, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 19, 1892.

JUSTICE HENRY dissenting.

A motion for rehearing was refused.